**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILAGROS JUAN DEGAMO, <br><br> Plaintiff, <br><br> and <br><br> MAC PADUA, in his individual capacity and as the personal representative of Helen Padua; SUSAN M. PROPIOS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF AMERICA, NA, a national banking association, <br><br> Defendant-Appellee, <br><br> and <br><br> DEREK WONG; et al., <br><br> Defendants, <br><br> v. <br><br> GRACE AKANA; et al., | No. 19-15736 <br><br> D.C. No. 1:13-cv-00141-JAO-KJM <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MILAGROS JUAN DEGAMO; et al.,

Plaintiffs,

v.

BANK OF AMERICA, N.A., a national banking association,

Defendant-Appellee,

v.

DANE S. FIELD, Trustee; ELIZABETH A. KANE, Trustee,

Real-party-in-interest-Appellants,

and

DEREK WONG; et al.,

Defendants,

v.

GRACE AKANA; et al.,

Movants.

No.    19-15826

D.C. No.
1:13-cv-00141-JAO-KJM

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

2

Before:  McKEOWN and NGUYEN, Circuit Judges, and WHALEY,** District Judge.

This is a putative class action arising out of Defendant Bank of America's ("the Bank") non-judicial foreclosures of roughly 1,000 Hawaii homeowners' mortgages in the aftermath of the 2007-2008 global financial crisis.  Putative class representatives Susan Propios and Mac Padua ("Plaintiffs")[1] alleged that the Bank engaged in unlawful practices to reduce competition at the foreclosure sales so that it could buy the homes at depressed prices and resell them for a larger profit.

Plaintiffs each filed for Chapter 7 bankruptcy prior to joining this case. Because their foreclosure-related claims remained the property of their bankruptcy estates, the district court dismissed this case because Plaintiffs were not the real parties in interest and lacked prudential standing.  It also denied their motion to accept ratification by or substitution of the bankruptcy trustees, denied their motion to amend the complaint, and denied as moot five additional putative class

---

**    The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

[1] The original named plaintiff and putative class representative, Milagros Degamo, dismissed her claims by stipulation while this case was pending in district court. Another named plaintiff and putative class representative, Helen Padua, passed away during the pendency of this appeal and this court substituted Mr. Padua in his capacity as personal representative.

members' motion to intervene. We have jurisdiction under 28 U.S.C. § 1291 and affirm in part, vacate in part, and remand.

1. The district court did not abuse its discretion when it denied Plaintiffs' motion to accept the bankruptcy trustees' ratification of this action or to substitute the trustees as named plaintiffs.

a. Plaintiffs first argue that the relevant inquiry under Federal Rule of Civil Procedure 17(a)(3) is whether the initial choice in naming the plaintiff was understandable. They contend that the district court improperly focused on what counsel knew and did years after they joined as plaintiffs. Even under that standard, the district court did not abuse its discretion in denying substitution or ratification. The record is clear that Plaintiffs knew they had filed for bankruptcy and had viable claims against the Bank when they joined this suit. They therefore knew they were not the real parties in interest at the outset. *See Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017).

b. Plaintiffs next argue that the district court imposed an affirmative burden to correct the real-party-in-interest problem as soon as they discovered it. The burden to establish standing is on Plaintiffs. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). This includes ensuring that the action is prosecuted in the name of the real party in interest. *See*

4

Fed. R. Civ. P. 17(a). Though a real-party-in-interest problem is an affirmative defense, the Bank properly raised this defense when it moved for judgment on the pleadings. Plaintiffs' argument that the district court improperly shifted the burden therefore lacks merit.

c. Plaintiffs also argue that the district court erred when it reasoned that the bankruptcy trustees needed to formally abandon their interest in the claims to ratify Plaintiffs' suit. But any misunderstanding of the legal requirements for a valid ratification had no effect on the court's ruling. Regardless of the propriety of the trustees' ratification, Plaintiffs nevertheless failed to meet the standard under Rule 17 because, as described above, Plaintiffs knew they were not the real parties in interest at the outset of litigation.

2. The district court did not abuse its discretion when it denied Plaintiffs' motion for leave to file a second amended complaint. The district court found prejudice because the case had been pending since 2013 and had been active for nearly two years, yet Plaintiffs were still attempting to add new subclasses and factual allegations.[2] The district court also found that Plaintiffs' delays caused the Bank to incur additional expense, impaired its ability to proceed to trial, and threatened to interfere with the rightful decision of the case. *See Jackson v. Bank*

---

[2] We understand the district court's discussion of prejudice as also applying to its denial of Plaintiffs' motion for leave to amend the complaint.

*of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor" when considering whether to permit amendment.). Plaintiffs fail to explain why the district court's prejudice analysis was an abuse of discretion.

3. The district court erred when it failed to consider the merits of the five putative class members' motion to intervene. In the class action context, courts retain jurisdiction to grant intervention even when the named plaintiffs have been dismissed.[3] *See Kennerly v. United States*, 721 F.2d 1252, 1260 (9th Cir. 1983). This rule applies even when a class has not yet been certified. *See id*. The district court in this case therefore had jurisdiction and the obligation to consider intervention.

Plaintiffs ask us to decide the issue of intervention as a matter of right in the first instance. *See* Fed. R. Civ. P. 24(a)(2). But this determination is most appropriately addressed by the district court. Resolving these issues will involve making factual findings and could potentially involve taking evidence, which the district court is in the best position to do. Moreover, the proposed intervenors also seek permissive intervention, which is "committed to the broad discretion of the district court." *County of Orange v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986).

---

[3] Article III standing must also exist, which is not at issue here.

We therefore remand for consideration of the putative class members' motion to intervene.

Each party shall bear its own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**